## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

MICHAEL J. GREEN,⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀Plaintiff,⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀Civil Action No. 13-00260-KD-N
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
CITY OF SELMA, *et al.*,⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀Defendants.⠀⠀⠀⠀⠀)

## REPORT AND RECOMMENDATION

Plaintiff Michael J. Green ("Green"), proceeding *pro se* and *in forma pauperis* (*see* Doc. 12), initiated this action by filing a complaint under 42 U.S.C. §§ 1983 and 1985 (Doc. 1). Currently pending are the following matters:

1. the Answer (Doc. 15) and Special Report (Doc. 16) of Defendants Municipal Judge Valerie Chittom ("Judge Chittom") and the City of Selma, which have been converted to a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) (Doc. 17) by order of the undersigned (Doc. 18);

2. the Motion to Dismiss (Doc. 19) and brief in support (Doc. 24) filed by Defendant Michael W. Jackson ("District Attorney Jackson");

3. the Motion to Dismiss (Doc. 29) filed by Defendants the State of Alabama and Judge Marvin Wiggins ("Judge Wiggins"); and

4. the Special Report (Doc. 32) of Defendant Cheryl Price, former warden of Bibb County Correctional Facility ("Warden Price"), which has been

converted to a Rule 12(b)(6) Motion to Dismiss by order of the undersigned (Doc. 35).

Green has filed responses (Docs. 25, 27, 28, 33, 36) in opposition to the various motions to dismiss. Defendants the State of Alabama and Judge Wiggins have filed a reply (Doc. 34) to Green's response to their motion (though the reply simply restates, word-for-word, the arguments presented in their motion). The above-listed motions to dismiss are now under submission and are ripe for adjudication.

In addition to the defendants who have filed motions to dismiss, the Alabama Department of Corrections ("ADOC") was also ordered served with process in this action by the undersigned (*see* Doc. 12 at 4, ¶ 3.f), and a Notice of Lawsuit and Request for Waiver of Service of Summons was issued to ADOC along with the other Defendants (*see* Doc. 13). However, ADOC is the only entity ordered served who has not returned a waiver of service or otherwise appeared in this action. This appears to be an oversight on the part of assistant general counsel for the Alabama Department of Corrections, counsel of record for Warden Price in this action. While Warden Price's special report asserts that Warden Price is "the sole Correctional Defendant" in this action, the remainder of the special report asserts numerous arguments on behalf of "Defendants." (*See* Doc. 32). Moreover, Warden Price is being sued in both her individual and official capacities. "Suing individuals in their official capacities is 'another way of pleading an action against an entity of which an officer is an agent.'" *Edwards v. Wallace Cmty. Coll.*, 49 F.3d 1517, 1524 (11th Cir.

1995) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). Finally, as Green is proceeding *in forma pauperis*, the Court has a duty under 28 U.S.C. § 1915(e)(2) to dismiss this action if it determines, *inter alia*, that the action is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Upon consideration, the undersigned will treat Warden Price's Special Report/Motion to Dismiss (Doc. 32) as also being filed on behalf of ADOC.

These matters have been referred to the undersigned United States Magistrate Judge for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b)(1), and SD ALA Local Rule 72.2(c)(4). Upon consideration, and for the reasons stated herein, it is **RECOMMENDED** that all four motions to dismiss (Docs. 17, 19, 29, 32) be **GRANTED** in their entirety.

## I.     Applicable Standards

The Defendants' respective motions move for dismissal under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." "In ruling on a 12(b)(6) motion, [a c]ourt accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff." *E.g., Speaker v. U.S. Dep't of Health & Human Servs. Centers for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010) (citing *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003)). " 'While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation

to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.' " *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288-89 (11th Cir. 2010) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Moreover, " '[f]actual allegations must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact).' " *Id.* (quoting *Twombly*, 550 U.S. at 555). "[T]o survive a motion to dismiss, a complaint must now contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Id.* (quoting *Twombly*, 550 U.S. at 570.

The Supreme Court has "held that 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.' " *Id.* at 1290 (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). "The Court suggested that courts considering motions to dismiss adopt a 'two-pronged approach' in applying these principles: 1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.' " *Id.* (quoting *Iqbal*, 129 S. Ct. at 1950)).

The Eleventh Circuit has explicitly held that the pleading standards of *Twombley* and *Iqbal* govern § 1983 claims. *See Randall v. Scott*, 610 F.3d 701, 708 n.2 (11th Cir. 2010). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards

than formal pleadings drafted by lawyers…" *E.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation and quotations omitted). Nevertheless, "a court may not 'serve as de facto counsel for a party' or 'rewrite an otherwise deficient pleading in order to sustain an action.' " *Muhammad v. Bethel*, 430 F. App'x 750, 752 (11th Cir. 2011) (quoting *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds*, *see Randall*, 610 F.3d at 709).

## II. Relevant Background & Factual Allegations

This appears to be Green's latest federal action arising from his Alabama criminal proceedings. Green first challenged those proceedings with this Court in a habeas action under 28 U.S.C. § 2254, <u>Michael J. Green v. Cheryl Price *et al.*</u>, S.D. Ala. Case No. 2:09-cv-105-KD-N. In that action, the Eleventh Circuit set forth the following facts and procedural history:

> In September 2004, Green was convicted of felony first degree sexual abuse in the Dallas County, Alabama Circuit Court. Green received a ten-year suspended imprisonment sentence and a split sentence of three years' probation and eighteen months of weekend sanctions in the county jail.
>
> On July 31, 2006, while Green was on probation for the 2004 sexual abuse conviction, City of Selma police officers responded to a report that Green was involved in an incident involving a child at a local service station. Green was questioned, but not arrested. The same day, the child's mother filed a criminal complaint in the Municipal Court of Selma charging Green with sexual misconduct in violation of Alabama Code § 13A–6–65. The complaint alleged that Green, while standing at the cash register, lifted the child's dress and "felt on her bottom."
>
> On August 14, 2006, the state probation officer filed a delinquency report with the Dallas County Circuit Court recommending revocation of Green's probation and reinstatement of the original suspended ten-year sentence for the 2004 sexual abuse conviction. The recommendation was based on multiple alleged violations of the

conditions of Green's probation, including his recent sexual misconduct charge.

On August 18, 2006, Green was arrested on the new sexual misconduct charge and pled not guilty. On August 29, 2006, following a bench trial in Selma's Municipal Court, Green was convicted of misdemeanor sexual abuse in the second degree, in violation of Alabama Code § 13A–6–67(b) (the "misdemeanor conviction"). Green did not file a direct appeal of the misdemeanor conviction.

On September 21, 2006, the Dallas County Circuit Court held a probation revocation hearing on the 2004 felony sexual abuse conviction. The state argued primarily that Green's 2006 misdemeanor conviction violated the conditions of Green's felony probation. The state argued that this was Green's second sexual offense involving children, he "keeps molesting kids," and "[h]e needs to go to prison."

Green, through counsel, asserted that (1) the misdemeanor conviction resulted in a $300 fine that was satisfied by the ten days of time-served; (2) the misdemeanor conviction was improperly imposed because, *inter alia,* Green was not represented by counsel; and (3) Green had substantially complied with his probation conditions. The state responded that Green was not entitled to counsel because no jail time was imposed.

During the revocation hearing, Green submitted copies of pay stubs as proof of employment and documentation showing that he had paid court costs, registered as a sex offender and completed his 300 hours of community service. Green testified that (1) he missed one probation appointment, but served additional sanction jail time for that, and (2) he was slow to complete his community service hours because he maintained full-time employment and served jail time on the weekends. As to his misdemeanor conviction, Green testified that he was originally charged with sexual misconduct, but the charge "was amended down to a misdemeanor." Green said that he pled not guilty to the misdemeanor charge because he was innocent and that he testified at the bench trial on his own behalf. Green explained that he did not have counsel to advise him and that he did not appeal the misdemeanor conviction because he had already served the ten days in jail.

Green's state probation officer testified that Green had a history of noncompliance with the conditions of probation over the two years of

probation, but admitted that Green's worst noncompliance was his new sexual abuse conviction.

The Circuit Court revoked Green's probation and ordered him to serve the original ten-year sentence for the 2004 felony sexual abuse conviction with credit for time served. The Circuit Court found that Green had "substantially failed to comply with the terms and conditions of probation." The Circuit Court stated that it was "seriously alarmed at the latest charges, particularly with the young lady in city court," noting that Green had minimized the offense by calling it a lesser offense, but "[i]t still means that you did, in fact, commit the charge." Green did not file a direct appeal of the order revoking his probation and reinstating his ten-year sentence.

On September 24, 2007, Green filed a *pro se* petition for relief from the ten-year sentence, pursuant to Alabama Rule of Criminal Procedure 32. On November 6, 2007, the Circuit Court denied Green's Rule 32 petition. The Circuit Court's order stated that Green's Rule 32 petition was denied based on findings "that the Petitioner received sufficient legal counsel," "that this court had proper jurisdiction of the matter," and "that the petitioner is not being held in custody in excess of his sentence." On December 14, 2007, Green appealed to the Alabama Court of Criminal Appeals. The record does not reflect the disposition of Green's appeal or whether Green attempted to appeal to the Alabama Supreme Court.

On February 23, 2009, while Green was still serving his reinstated ten-year sentence on the 2004 Circuit Court felony sexual abuse conviction, Green filed this *pro se* § 2254 petition attacking the 2006 misdemeanor conviction.[FN1] Green's § 2254 petition alleged, *inter alia,* that (1) his 2006 misdemeanor conviction was invalid because he was denied the right to counsel and (2) the 2006 misdemeanor conviction was used to enhance his current, ten-year sentence on the felony conviction.

> FN1 – After filing his § 2254 petition, Green was released from prison.

*Green v. Price*, 439 F. App'x 777, 779-80 & n.1 (11th Cir. 2011) (headings omitted).

This Court initially dismissed Green's habeas petition as time-barred. *See*

*Green v. Price*, Civil Action No. 2:09-0105-KD-N, 2010 WL 936690 (S.D. Ala. Mar.

15, 2010). The Eleventh Circuit subsequently vacated that decision and remanded.

*See Green*, 439 F. App'x 777.  On remand, this Court found Green's habeas petition timely but denied it on the basis that Green had procedurally defaulted his claims by not giving the state courts a full opportunity to consider the arguments raised in his habeas petition.  *See Green v. Price*, Civil Action No. 09-00105-KD-N, 2012 WL 6845670 (S.D. Ala. Dec. 12, 2012), report and recommendation adopted, 2013 WL 141573 (S.D. Ala. Jan. 11, 2013).  Both this Court and, on August 8, 2013, the Eleventh Circuit denied Green a certificate of appealability.  (*See* S.D. Ala. Case No. 2:09-cv-105-KD-N, Doc. 83).

On May 10, 2013, Green initiated this action by filing his Complaint[1] (Doc. 1), which sets forth the following factual allegations:

Judge Chittom, a municipal court judge for the City of Selma, presided over a non-jury trial of Green for an alleged violation of either Ala. Code § 13A-6-65 ("Sexual misconduct," a "Class A misdemeanor") or § 13A-6-67 ("Sexual abuse in the second degree," a "a Class A misdemeanor, except that if a person commits a second or subsequent offense of sexual abuse in the second degree within one year of another sexual offense, the offense is a Class C felony").   (Doc. 1 at 5, 10).  At the

---

[1] On May 31, 2013 (after the Court denied his first habeas petition as procedurally defaulted but before the Eleventh Circuit denied him a certificate of appealability), Green filed a second habeas petition under § 2254 challenging his first degree sexual abuse conviction.  *See Michael J. Green v. State of Alabama et al.*, S.D. Ala. Case No. 2:13-cv-293-WS-C.   On June 24, 2013, the Court dismissed Green's second habeas petition for lack of jurisdiction, finding that Green was living "in the free world" and thus no longer met the "in custody" requirement for bringing a federal habeas petition. *See id.* at (Docs. 3, 5, 6).  Both this Court and, on August 15, 2013, the Eleventh Circuit denied Green a certificate of appealability to appeal the dismissal of his second habeas petition, *see id.* at (Docs. 11, 13), and the United States Supreme Court subsequently denied certiorari review, s*ee id.* at (Doc. 14).

time of the trial Green was "serving a Term period of Eighteen Months weekends only, and a Conditional Probation period of Three years under, the State of Alabama, 4th Judicial Community Corrections Program, in Dallas County." (*Id.* at 10). Green "was arrested on August 18, 2006[,]" by officers of the City of Selma's police department. (*Id.*). Green was apparently tried without counsel and convicted in the municipal court proceedings. (*See id.*).

On September 21, 2006, Judge Wiggins of the Circuit Court of Dallas County, Alabama, imposed a sentence of 10 years in prison on Green, with Green's municipal court conviction before Judge Chittom serving as a factor in this sentence. (*See id.* at 6, 11). Dallas County District Attorney Jackson apparently argued before Judge Wiggins that Green had no right to counsel. (*Id.* at 11). Green remained in the custody of the Alabama Department of Corrections at the Bibb County Correctional Facility, then headed by Warden Price, until September 17, 2010.[2] (*Id.*).

### III.  Claims

As set forth initially in the undersigned's service order (Doc. 12 at 1-3), Green's Complaint (Doc. 1) asserts the following claims:

a.  Judge Chittom, individually and in her capacity as the City of Selma Municipal Judge, is sued for her role in presiding over a non-jury trial for, according

---

[2]  Although Green asserts that, under Judge Wiggins's sentence, he was not due to be released until January 11, 2016, he also advises that the Alabama Department of Corrections acknowledged the error in the calculation of his term of confinement and released him on September 17, 2010. (Doc. 1 at 12).

ADOC's online prisoner locator (http://www.doc.state.al.us/InmateSearch.aspx (last visited July 22, 2014)) reveals two inmates named "Michael J. Green" currently in custody, but neither is serving time for sex crimes.

to Green, a violation of Ala. Code § 13A-6-65 (Sexual misconduct), subsequently amended to a violation of Ala. Code § 13A-6-67 (Sexual abuse in the second degree). (Doc. 1 at 5, 10). Judge Chittom is also alleged to be "a policy maker for the City of Selma." (*Id*. at 10).

b. The City of Selma has been named principally in conjunction with the conduct of Judge Chittom. For example, Green alleges only "The City of Selma, Alabama Municipal Court City Judge Valerie Chittom, presided over a non jury trial [sic]. . ." (Doc. 1 at 5). He also alleges a "Sixth Amendment violation, against the City of Selma for Injunctive Relief" but presents no factual basis for this allegation. The reference to an absence of counsel is made only in connection with the "City Conviction," which resulted from the non-jury trial conducted by Judge Chittom. (*Id*. at 9). Green makes it clear that he is raising these claims against the City of Selma because, "as its policy maker Hon. Judge Valarie Chittom . . . Violated the Basic principle of The Sixth Amendment." (*Id*. at 10).

c. Dallas County Circuit Judge Wiggins, in his official capacity "as a State Officer . . . having Jurisdiction, over the lower Court Ruling [and] Hon. Valarie K. Chittom," is sued for his failure to "dismiss the Conviction or Hold the proceedings void." (Doc. 1 at 11). Judge Wiggins is also sued in his official capacity for using the "Uncounseled Conviction to impose a 10 years Jail term [on] September 21, 2006." (*Id*.).

d.     District Attorney Jackson, in his official capacity, is sued for arguing that Green had no right to counsel in the case before Judge Chittom and for conspiring with the City of Selma to violate his rights. (*Id*.)

e.     Cheryl Price, former Warden of Bibb County Correctional facility, in her individual capacity and in her official capacity as a "State Officer," is sued for unlawful imprisonment and failure to "timely release" Green. (*Id*. at 11-12).

f.     ADOC is also sued for unlawful imprisonment of, and failure to "timely release," Green. (*Id*. at 12).

g.     The State of Alabama appears to be sued for the conduct of Judge Wiggins, District Attorney Jackson, and Warden Price, because these three defendants have been identified as "State Officer[s]." (*Id*.) No other factual basis is offered.

Green seeks monetary damages and declaratory and injunctive relief in this action, though it is unclear against whom each is sought.

## IV.    Heck v. Humphrey

Judge Chittom, the City of Selma, Warden Price, and ADOC argue that Green's claims for damages are barred based on the Supreme Court's reasoning in *Heck v. Humphrey*, 512 U.S. 477 (1994). (*See* Doc. 16 at 2-3; Doc. 32 at 8). In *Heck*, the Court held

> that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into

question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

512 U.S. at 486-87 (footnotes omitted). *Accord Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) ("Under *Heck v. Humphrey,* 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), a state prisoner may not bring a claim for damages under 42 U.S.C. § 1983 'if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction.' *Id.* at 487, 114 S. Ct. 2364."). More recently, the Supreme Court, analyzing *Heck* and other cases, has held that "[t]hese cases, taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). *See also id.* at 78 ("[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. He must seek federal habeas corpus relief (or appropriate state relief) instead." (internal citations and quotation omitted)).

Green has not claimed that any of his convictions or his sentence have been invalidated. However, it is undisputed that Green is no longer in state custody (at least for the convictions that are the subject of this lawsuit). Most recently, the Court of Appeals for the Eighth Circuit has discussed the split in authority regarding the application of *Heck*'s so-called "favorable termination" rule to non-prisoner § 1983 plaintiffs, for whom habeas relief is no longer available:

> In *Heck,* the Supreme Court considered a claim brought by a prison inmate against a state police investigator and state prosecutors under § 1983, alleging misconduct in the investigation and prosecution of the inmate's criminal case. The Court held that
>
>> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.
>
> *Heck,* 512 U.S. at 486–87 (footnote omitted).
>
> A separate opinion of Justice Souter urged that the favorable-termination rule announced in *Heck* should not extend to individuals who are not "in custody" for habeas purposes, because "the result would be to deny any federal forum for claiming a deprivation of federal rights to those who cannot first obtain a favorable state ruling." *Id.* at 500 (Souter, J., concurring in the judgment). The Court responded directly and disagreed: "We think the principle barring collateral attacks-a longstanding and deeply rooted feature of both the common law and our own jurisprudence—is not rendered inapplicable by the fortuity that a convicted criminal is no longer incarcerated." *Id.* at 490 n.10 (majority opinion). In *Edwards v. Balisok,* 520 U.S. 641, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997), the Court unanimously extended *Heck* to bar a § 1983 claim brought by a state prisoner challenging the validity of the procedures used to deprive him of good-time credits while incarcerated.

In *Spencer v. Kemna,* 523 U.S. 1, 118 S. Ct. 978, 140 L. Ed. 2d 43 (1998), the Court then addressed a habeas corpus petition brought by a former inmate who sought to invalidate an order revoking his parole. Because the plaintiff had completed the entire term of imprisonment underlying the parole revocation, the Court ruled that the plaintiff's petition was moot. In a concurring opinion, Justice Souter wrote that although the habeas petition was moot, the plaintiff was free to bring an action under § 1983. He renewed his disagreement with footnote 10 in *Heck,* where the Court had explained that the principle barring collateral attacks is not rendered inapplicable by the fact that the plaintiff is no longer incarcerated. *Id.* at 19–21 (Souter, J., concurring). Justice Ginsburg, who had joined the opinion of the Court in *Heck,* also wrote separately. Citing Justice Frankfurter's aphorism that "[w]isdom too often never comes, and so one ought not to reject it merely because it comes late," *Henslee v. Union Planters Nat'l Bank & Trust Co.,* 335 U.S. 595, 600, 69 S. Ct. 290, 93 L. Ed. 259 (1949) (Frankfurter, J., dissenting), Justice Ginsburg declared that she had "come to agree" with Justice Souter that "[i]ndividuals without recourse to the habeas statute because they are not 'in custody' (people merely fined or whose sentences have been fully served, for example) fit within § 1983's 'broad reach.'" *Spencer,* 523 U.S. at 21 (Ginsburg, J., concurring).

A landscape consisting of *Heck* and the collection of opinions in *Spencer* has resulted in a conflict in the circuits about the scope of *Heck's* favorable-termination rule. Several courts—counting up the five Justices who opined in concurring and dissenting opinions in *Spencer*—have concluded that the *Heck* bar does not apply to a § 1983 plaintiff who cannot bring a habeas action. *See Cohen v. Longshore,* 621 F.3d 1311, 1315–17 (10th Cir. 2010); *Wilson v. Johnson,* 535 F.3d 262, 267–68 (4th Cir. 2008); *Powers v. Hamilton Cnty. Pub. Defender Comm'n,* 501 F.3d 592, 599–605 (6th Cir. 2007); *Nonnette v. Small,* 316 F.3d 872, 875–78 (9th Cir. 2002); *Huang v. Johnson,* 251 F.3d 65, 73–75 (2d Cir. 2001); *Carr v. O'Leary,* 167 F.3d 1124, 1125–28 (7th Cir. 1999). Four other circuits, including this one, have adhered to the conclusion—set forth in footnote 10 of *Heck*—that the favorable-termination rule still applies when a § 1983 plaintiff is not incarcerated. *Entzi[ v. Redmann],* 485 F.3d [998,] 1003[ (8th Cir. 2007)]; *Gilles v. Davis,* 427 F.3d 197, 208–12 (3d Cir. 2005); *Randell v. Johnson,* 227 F.3d 300, 301–02 (5th Cir. 2000) (per curiam); *Figueroa v. Rivera,* 147 F.3d 77, 80–82 (1st Cir. 1998).

After *Spencer,* the Supreme Court said in *Muhammad v. Close,* 540 U.S. 749, 752 n.2, 124 S. Ct. 1303, 158 L. Ed. 2d 32 (2004) (per curiam), that it had "no occasion to settle" whether the unavailability

of habeas may dispense with the *Heck* favorable-termination requirement. We concluded in *Entzi* that the combination of concurring and dissenting opinions in *Spencer* did not amount to a holding that binds this court. We opted instead to follow footnote 10 in the opinion of the Court in *Heck. Entzi,* 485 F.3d at 1003.

*Newmy v. Johnson*, No. 13-2756, 2014 WL 3397798, at *1-2 (8th Cir. July 14, 2014) (published).

In observing that "[t]he Eleventh Circuit has nibbled on the edges of this issue but has yet to confront it directly[,]" the Middle District of Alabama conducted the following overview of relevant case law from this circuit:

> For example, in *Morrow v. Federal Bureau of Prisons,* the court of appeals found *Heck* inapplicable "where Plaintiff is not in custody *and* where Plaintiff's action—even if decided in his favor—no way implies the invalidity of his conviction." 610 F.3d 1271, 1272 (11th Cir.2010) (Edmonson, J.) (emphasis added). Yet *Morrow* did not explicitly adopt the equitable exception recognized by other circuit courts,[3] nor did it deal with a plaintiff whose claim would impugn the invalidity of his conviction. In *Harden v. Pataki,* the court of appeals similarly found that *Heck* did not bar the plaintiff's claim. 320 F.3d 1289, 1296 (11th Cir. 2003). But the *Harden* court did so because the claim did not call into question the plaintiff's state court conviction. *Id.* And although the court relied on an equitable exception to *Heck* to supplement its holding, *id.* at 1298, this discussion was not necessary to the decision, which makes it non-binding dicta. *Denno v. Sch. Bd. of Volusia Cnty.,* 218 F.3d 1267, 1283 (11th Cir. 2000) ("Dictum may be defined as a statement not necessary to the decision and having no binding effect."); *see also Abusaid v. Hillsborough Cnty. Bd. of Cnty. Comm'rs,* 405 F.3d 1298, 1315 n.9 (11th Cir. 2005) (noting that question of impossibility exception to *Heck* remains open question in Eleventh Circuit).

> FN3 – Judge Anderson concurred specially in Morrow to make clear that he supported the opinion to the extent that it adopted an equitable exception to Heck for "plaintiffs that are no longer in custody and who, despite due diligence, could not have obtained habeas corpus relief." 610 F.3d at 1274 (Anderson, J., concurring).

Since neither the Supreme Court nor the Eleventh Circuit has answered the question directly, the Court turns to unpublished Eleventh Circuit opinions and district courts within the circuit for guidance. In a case directly on point, the United States District Court for the Southern District of Florida held that *Heck* barred the plaintiff's § 1983 claims even though she had no opportunity to file a federal habeas corpus petition. *Domotor v. Wennet,* 630 F. Supp. 2d 1368 (S.D. Fla. 2009). In a short, unpublished per curiam opinion, the Eleventh Circuit affirmed, stating, "As the district court properly explained ..., so long as the [state law convictions] remain undisturbed, [*Heck* ] bars appellant's claims." *Domotor v. Wennet,* 356 Fed.Appx. 316, 316 (11th Cir.2009). An Eleventh Circuit panel has reached the same result in two other unpublished opinions. *Christy v. Sheriff of Palm Beach Cnty.,* 288 Fed. Appx. 658, 666 (11th Cir. 2008); *Vickers v. Donahue,* 137 Fed. Appx. 285, 289 (11th Cir. 2005).

*Barnes v. City of Dothan*, 842 F. Supp. 2d 1332, 1337-38 (M.D. Ala. 2012) (Fuller, J.) (one footnote omitted), *reconsideration denied,* No. 1:11-CV-201-MEF, 2012 WL 484980 (M.D. Ala. Feb. 14, 2012). Upon consideration of this authority, *Barnes* held "that *Heck*'s favorable termination rule applies to § 1983[ and § 1985] claims brought by a plaintiff who never had access to federal habeas review." *Id.* at 1338. In so doing, the Middle District explained that, while reading *Heck*'s "favorable termination" rule as

> extending only to prisoners is a *sensible* way to read the opinion, it is not the *best* way to read it for three reasons.
>
> First, the ways in which a plaintiff can receive a favorable termination include the possibility of a habeas reversal. But this only implies that habeas review is *sufficient* to overturn a conviction; it does not mean that the availability of a federal forum is *necessary* to do so. In fact, the plaintiff has a number of other ways to seek reversal by the state, which, if successful, would allow the § 1983 claim to proceed. *Cf. Baker v. City of Hollywood,* No. 08–cv–60294, 2008 WL 2474665, at *7 (S.D. Fla. June 17, 2008) ("even though a habeas corpus action is currently unavailable to Plaintiff here, [she] was not without an avenue to seek relief from [her] conviction."). Second, "civil tort actions are not appropriate vehicles for challenging the validity of outstanding

16

criminal judgments." *Heck,* 512 U.S. at 486, 114 S. Ct. 2364. And because they are not, it makes sense to steer challenges to state court convictions into the channels already set up for this purpose, such as a direct appeal or state collateral review. Third, principles of federalism and comity require the federal courts to refrain from taking over the States' police powers and undermining their judicial processes. Allowing plaintiffs to attack state court convictions with federal civil suits implies a distrust of state courts—it impugns their character, competency, and commitment to the rule of law—without warrant to do so.

*Id.*

Upon considering the relevant Eleventh Circuit authority, *Barnes* held that *Heck* should apply to a plaintiff who "never [even ]had access to federal habeas review." Based on this determination, the undersigned finds that *Heck* is easily applied to Green's claims in this action, where Green did have access to, and did in fact pursue, federal habeas review of his underlying state criminal proceedings.

Green's claims against the State of Alabama, the City of Selma, Judge Chittom, Judge Wiggins, and District Attorney Jackson are for alleged deprivations of constitutional due process and right to counsel occurring at his trials/hearings before Judges Chittom and Wiggins, while his claims against Warden Price and ADOC arise from confinement resulting from the purportedly unconstitutionally-obtained conviction handed down by Judge Chittom. "As the Supreme Court noted, the most obvious example of an action barred by *Heck* is one in which the plaintiff actually 'seek[s] damages directly attributable to conviction or confinement.' " *Hughes*, 350 F.3d at 1160 (quoting *Heck*, 512 U.S. at 487 n.6). *See also Wilkinson*, 544 U.S. at 81-82 (applying this principle to claims for equitable relief). Green's

claims against the Defendants are clearly of this variety. Accordingly, the claims

against all Defendants are due to be **DISMISSED** as barred by *Heck*.[3]

## V.   Statute of Limitations

Judge Chittom, the City of Selma, District Attorney Jackson, Warden Price,

and ADOC assert that Green's § 1983 claims against them are barred by the

applicable statute of limitations. (*See* Doc. 16 at 3; Doc. 19 at 2, ¶ 11; Doc. 32 at 7). [4]

---

[3]    Judge Wiggins, the State of Alabama, and District Attorney Jackson did not move for dismissal under *Heck*. The Eleventh Circuit has stated that "[a] district court can only dismiss an action on its own motion as long as the procedure employed is fair. To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011) (internal citation and quotations omitted).

The undersigned finds that Green was given fair notice that *Heck* would be applied in these proceedings. First, the undersigned's order to serve the Defendants with the Complaint explicitly raised the issue. (*See* Doc. 12 at 5 n.2 [Service Order] ("It is requested that defendants consider addresses [sic] the applicability, if any, of *Heck v. Humphrey*…"). Second, the other Defendants have moved for dismissal under *Heck*; moreover, Green has not addressed this argument in <u>any</u> of his responses.

Additionally, the Eleventh Circuit has permitted *sua sponte* dismissal pursuant to *Heck*. *See Thompson v. Hicks*, 213 F. App'x 939, 942 (11th Cir. 2007) ("The district court did not consider the merits of Thompson's § 1983 complaint because it [*sua sponte* ]dismissed the complaint after determining that a judgment in Thompson's favor would necessarily imply the invalidity of his conviction and that his action was barred under *Heck*…The district court further determined that Thompson had produced no evidence that his underlying conviction had been invalidated. Thus, the district court properly dismissed Thompson's complaint under *Heck*…"); *Cobb v. Florida*, 293 F. App'x 708 (11th Cir. 2008) (affirming *sua sponte* dismissal of *pro se* prisoner's § 1983 action as barred by *Heck*). *See also Dixon v. Chrans*, 101 F.3d 1228, 1231 (7th Cir. 1996) ("Dixon apparently prefers to go for broke and asks us for an out-and-out reversal of the district court order. He requests that judgment be entered in his favor. He contends that because we decided in *Rooding* that *Heck* set out an element of the claim, rather than a jurisdictional prerequisite to suit, and because defendants did not argue *Heck* in the district court, the issue is waived. We are asked to enter judgment for him even though under *Heck* he does not yet have a claim. Given the fact that *Heck* grows out of well-established law, going back at least to *Preiser v. Rodriguez,* we decline to close our eyes to reality.").

[4] The State of Alabama and Judge Wiggins do not assert a statute-of-limitations defense. (*See* Docs. 29, 34). "The statute of limitations defense is an affirmative defense that if not asserted in a responsive pleading is generally deemed waived." *Kelly v. Balboa Ins. Co.*, 897 F. Supp. 2d 1262, 1269 (M.D. Fla. 2012) (citing *Am. Nat. Bank of Jacksonville v.*

> "Federal courts apply their forum state's statute of limitations for
> personal injury actions to actions brought pursuant to 42 U.S.C. §
> 1983." [*Uboh v. Reno*, 141 F.3d 1000, 1002 (11th Cir. 1998)]. Federal
> law determines when the statute of limitations begins to run. *Rozar v.
> Mullis*, 85 F.3d 556, 561 (11th Cir.1996). Generally, "the statute of
> limitations does not begin to run until the facts which would support a
> cause of action are apparent or should be apparent to a person with a
> reasonably prudent regard for his rights." *Id.* at 561-62 (internal
> marks omitted).

*Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003) (*per curiam*).  *See also McNair v.
Allen*, 515 F.3d 1168, 1173-74 (11th Cir. 2008) ("All constitutional claims brought
under § 1983 are tort actions, subject to the statute of limitations governing
personal injury actions in the state where the § 1983 action has been brought . . . It
is well established that a federal claim accrues when the prospective plaintiff
'knows or has reason to know of the injury which is the basis of the action.' "
(quoting *Corn v. City of Lauderdale Lakes*, 904 F.2d 585, 588 (11th Cir. 1990))).[5]

"[I]n Alabama, []the governing limitations period [for § 1983 actions ]is two years."
*McNair*, 515 F.3d at 1173 (citing Ala. Code § 6-2-38 and *Jones v. Preuit & Mauldin*,
876 F.2d 1480, 1483 (11th Cir. 1989) (*en banc*)).   Alabama applies a two-year

---

*Federal Deposit Ins. Corp.*, 710 F.2d 1528, 1537 (11th Cir. 1983)).  *See also, e.g.*, *JSK by &
through JK v. Hendry Cnty. Sch. Bd.*, 941 F.2d 1563, 1570 (11th Cir. 1991).  Thus, at least
of purposes of their motion to dismiss, the State of Alabama and Judge Wiggins have
waived this defense.

[5] Claims brought under § 1985 are subject to the same statute-of-limitations principles.  *See
Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003) ("Florida's four-year statute of
limitations applies to such claims of deprivation of rights under 42 U.S.C. §§ 1983 and
1985...A cause of action under these sections will not accrue, and thereby set the
limitations clock running, until the plaintiffs know or should know (1) that they have
suffered the injury that forms the basis of their complaint and (2) who has inflicted the
injury."); *Dique v. New Jersey State Police*, 603 F.3d 181, 189 (3d Cir. 2010) ("A section 1985
claim accrues when a plaintiff knew or should have known of the alleged conspiracy...The
New Jersey two-year statute of limitations applies to section 1985 claims and runs from the
date of each overt act causing damage to a plaintiff.").

limitations period to "[a]ll actions for any injury to the person or rights of another not arising from contract . . ." Ala. Code § 6-2-38(l). With certain inapplicable exceptions, "[t]he word 'year' means a calendar year" when it appears in the Alabama Code. Ala. Code § 1-1-1(16).

*Heck* noted that its holding "makes it unnecessary for us to address the statute-of-limitations issue wrestled with by the Court of Appeals," as "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." 512 U.S. at 489-90 (1994). Here, there is no indication that Green's underlying conviction or sentence has been invalidated. Thus, to the extent Green asserts claims barred by *Heck*, the statute-of-limitations defense does not apply to those claims. However, to the extent Green asserts claims not barred by *Heck*, the undersigned agrees with Judge Chittom, the City of Selma, and District Attorney Jackson that Green's claims against them in this action accrued, at the latest, on September 21, 2006, the date his purportedly unconstitutionally-obtained conviction before Judge Chittom was used by Judge Wiggins to sentence Green to prison. The undersigned also agrees with Warden Price and ADOC that Green's claims against them accrued, at the latest, on September 27, 2010, the date Green was released from his prison term resulting from his proceedings before Judges Chittom and Wiggins. Green's Complaint (Doc. 1) was filed in May 2013, well over two years from either of those dates. Accordingly, to the extent Green asserts claims in this action against Judge Chittom, the City of Selma, District Attorney Jackson, Warden

Price, and ADOC that are not barred by *Heck*, those claims are due to be **DISMISSED** as time-barred.

The City of Selma has moved for dismissal only on the bases of *Heck* and the statute of limitations. (*See* Docs. 15-16). Claims dismissed as barred by *Heck* are due to be dismissed without prejudice, to allow a plaintiff to refile if and when the "favorable termination" requirement is met. *See, e.g.*, *Barnes*, 842 F. Supp. 2d at 1339-40 ("For the reasons discussed above, Nick McElveen's Motion to Dismiss is hereby GRANTED and Barnes's Complaint is DISMISSED without prejudice. The complaint may be re-filed upon satisfaction of *Heck's* favorable termination requirement." (record citations omitted)). Moreover, "[d]ismissal of a complaint, without prejudice, does not allow a later complaint to be filed outside the statute of limitations." *Bost v. Fed. Express Corp.*, 372 F.3d 1233, 1242 (11th Cir. 2004). Accordingly, all claims asserted against the City of Selma in this action are due to be **DISMISSED without prejudice**. As explained *infra*, sufficient bases exist for dismissing all claims against the other Defendants with prejudice.

## VI. <u>Absolute Judicial & Prosecutorial Immunity</u>

Judge Chittom, Judge Wiggins, and District Attorney Jackson argue that they are immune from suit in this action. It is well established that "[j]udges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the ' "clear absence of all jurisdiction." ' " *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (*per curiam*) (quoting *Stump v. Sparkman,* 435 U.S. 349, 356–57 (1978)). *Accord Sibley v. Lando*,

437 F.3d 1067, 1070 (11th Cir. 2005) (*per curiam*). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Bolin*, 225 F.3d at 1239 (citing *Stump*, 435 U.S. at 356). "The relevant jurisdiction is 'jurisdiction over the subject matter.'" *Muhammad v. Bethel-Muhammad*, Civil Action No. 11-0690-WS-B, 2012 WL 1854564, at *3 (S.D. Ala. May 21, 2012) (Steele, C.J.) (quoting *Stump*, 435 U.S. at 357).[6]

"Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity." *Sibley*, 437 F.3d at 1070 (citing *Scott v. Hayes*, 719 F.2d 1562, 1565 (11th Cir. 1983)). Applying the factors set forth in *Sibley*, it is clear that all of Green's claims asserted against the judge defendants are based on actions taken in their judicial capacity, and Green has not made any allegation or argument suggesting that either judge acted in the "clear absence of all jurisdiction."[7]

---

[6] "The Supreme Court has held repeatedly that Section 1983 did not abrogate the common-law doctrine of judicial immunity. *E.g., Stump,* 435 U.S. at 356; *Pierson v. Ray,* 386 U.S. 547, 554, 87 S. Ct. 1213, 18 L. Ed. 2d 288 (1967). The Eleventh Circuit has confirmed the same with respect to other aspects of the "Civil Rights Acts," including Section 1985(3)…" Muhammad, 2012 WL 1854564, at *4.

[7] Judge Chittom "affirmatively pleads immunity" in her Answer (Doc. 15 at 1) but provides no argument in her Special Report (Doc. 16). Judge Wiggins cites only Alabama case law regarding judicial immunity (*see* Doc. 29 at 2, ¶ 3), which is inapplicable to claims asserted under § 1983 in federal court. In spite of these deficiencies, the undersigned still concludes that judicial immunity is due to be applied, as the doctrine obviously bars Green's claims against the judges. *Cf. Sibley*, 437 F.3d at 1070 n.2 ("We reject Sibley's argument that the failure to plead the affirmative defense of judicial immunity precludes dismissal, because

As for District Attorney Jackson, the Eleventh Circuit

> has emphasized that, a prosecutor enjoys absolute immunity from
> allegations stemming from the prosecutor's function as advocate. Such
> absolute immunity extends to a prosecutor's acts undertaken in
> preparing for the initiation of judicial proceedings or for trial, and
> which occur in the course of his role as an advocate for the State…
> Prosecutors have absolute immunity when filing an information
> without investigation, filing charges without jurisdiction, filing a
> baseless detainer, offering perjured testimony, suppressing exculpatory
> evidence, refusing to investigate complaints about the prison system,
> and threatening further criminal prosecutions…

*Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009) (*per curiam*) (citations and

quotations omitted).  *See also Bolin*, 225 F.3d at 1242 ("Prosecutors are also entitled

to absolute immunity from damages for acts or omissions associated with the

judicial process, in particular, those taken in initiating a prosecution and in

presenting the government's case."); *Marx v. Gumbinner,* 855 F.2d 783, 789 n.10,

790 (11th Cir. 1988) (concluding that prosecutors have absolute immunity for

rendering legal advice to police officers concerning the existence of probable cause to

arrest).   While "prosecutorial immunity does not apply when the prosecutor acts

outside the ambit of activities intimately associated with the judicial process[,]"

*Hart*, 587 F.3d at 1296 (quotation marks omitted), taking Green's allegations

against Jackson as true, Jackson's actions clearly took place in his role as advocate

for the State of Alabama.

" '[M]onetary damages indisputably are prohibited by judicial immunity.' "

*Muhammad*, 2012 WL 1854564, at *4 (quoting *Pulliam v. Allen*, 466 U.S. 522, 543

---

dismissal is available, as in this case, when the defense is an obvious bar given the
allegations." (citing *Marsh v. Butler County*, 268 F.3d 1014, 1022 (11th Cir. 2001) (*en
banc*)).

(1984)).  However, " 'judicial immunity is not a bar to prospective injunctive relief against a judicial officer acting in her judicial capacity.' "  *Id.* (quoting *Pulliam*, 466 U.S. at 541).  Nevertheless, the *Pulliam* "decision has been partially abrogated by statute.  Specifically, in 1996, Congress enacted the Federal Courts Improvement Act ('FCIA'), Pub. L. No. 104–317, 110 Stat. 3847 (1996), in which it amended § 1983 to provide that 'injunctive relief shall not be granted' in an action brought against 'a judicial officer for an act or omission taken in such officer's judicial capacity ... unless a declaratory decree was violated or declaratory relief was unavailable.' "  *Bolin*, 225 F.3d at 1242.  Additionally, "prosecutors are not immune from claims for injunctive relief…"  *Id.* (citing *Tarter v. Hury*, 646 F.2d 1010, 1012 (5th Cir. 1981) ("[P]rosecutors do not enjoy absolute immunity from [declaratory and injunctive relief] claims.")).  *Accord Rolle v. Edmondson*, 443 F. App'x 511 (11th Cir. 2011) (*per curiam*).

To the extent Green asserts claims for injunctive relief against the judges and District Attorney Jackson, however, these claims fail on the face of his complaint. The Eleventh Circuit has "held that, '[i]n order to receive declaratory or injunctive relief, plaintiffs must establish that there was a violation, that there is a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law.' "  *Sibley,* 437 F.3d at 1073 (quoting *Bolin*, 225 F.3d at 1242).  As all of Green's claims against the judges and Jackson relate to alleged constitutional deprivations during his criminal proceedings before the judges, Green cannot show the absence of an adequate remedy at law – the normal appellate

process.  *See id.* at 1073-74 ("In *Bolin,* we held that a plaintiff was ineligible for declaratory relief, because he had an adequate remedy at law—specifically, the right to appeal to this court or up the state appellate courts and to petition the Supreme Court for certiorari.  *Id.* at 1243.  Sibley is ineligible for equitable relief because he had access to the appellate process, a remedy at law, and, thus, his proposed claim for declaratory relief against Judges Schwartz and Goderich would have been futile.").

Accordingly, Green's claims against Judge Chittom, Judge Wiggins, and District Attorney Jackson are due to be **DISMISSED** because those Defendants are absolutely immune from claims for damages and because Green is not entitled to equitable relief against them.

## VII.  Eleventh Amendment Immunity and "Persons" Subject to Suit under §§ 1983 and 1985

The State of Alabama, ADOC, Warden Price, and Judge Wiggins all assert that they are entitled to immunity in this action under the Eleventh Amendment of the United States Constitution.[8]  (*See* Doc. 29 at 1-2, ¶ 2; Doc. 32 at 2, ¶11).  With some exceptions, "a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment.  This jurisdictional bar applies regardless of the nature of the relief sought." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (citations omitted).

---

[8] "Unlike most subject matter jurisdiction issues, which cannot be waived by the parties and must be raised by a court on its own initiative, the Eleventh Amendment does not automatically deprive a court of original jurisdiction…Thus, unlike other jurisdictional bars, federal courts are required to consider whether the Eleventh Amendment strips them of jurisdiction only if the state defendant insists that it does." *McClendon v. Ga. Dep't of Cmty. Health*, 261 F.3d 1252, 1257 (11th Cir. 2001).

"[S]tate officials sued in their official capacity are also protected by the amendment." *Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1277 (11th Cir. 1998) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). Additionally,

> [w]hen a state official is made a defendant in a suit, whether it is nominally brought against him in his official or individual capacity, a court must determine the real, substantial party in interest. *See Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 101, 104 S. Ct. 900, 908, 79 L. Ed. 2d 67 (1984). If it is the State, the official may assert the defense of Eleventh Amendment sovereign immunity. *See id.* at 101–02, 104 S. Ct. at 908–09. "The general rule is that a suit is against the sovereign if the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration, or if the effect of the judgment would be to restrain the Government from acting, or to compel it to act." *Id.* at 101 n.11, 104 S. Ct. at 908 n. 11 (internal quotation and citation omitted).

*Id.* at n.3.

ADOC is a department of the State of Alabama. *See Haley v. Barbour Cnty.*, 885 So. 2d 783, 788 (Ala. 2004). "An Alabama state judge such as Judge [Wiggins] constitutes a state officer and partakes of the state's Eleventh Amendment immunity." *Muhammad*, 2012 WL 1854564, at *5 (citing *Simmons v. Conger*, 86 F.3d 1080, 1084–85 (11th Cir. 1996) ("As for the damages awarded against [Circuit ]Judge Conger in his official capacity, this relief is barred by the sovereign immunity of his then employer, the State of Alabama.")). Alabama prison officials sued in their official capacity also enjoy the state's Eleventh Amendment immunity. *See, e.g.*, *Johnson v. Deloach*, 692 F. Supp. 2d 1316, 1325 (M.D. Ala. 2010).[9]

---

[9] Alabama district attorneys' offices have also been held to be state agencies enjoying Eleventh Amendment immunity. *See Garrett v. Talladega Cnty. Drug & Violent Crime Task Force*, 983 F. Supp. 2d 1369, 1376 (N.D. Ala. 2013) ("All District Attorney's offices are deemed to be agencies of the State of Alabama. *Hooks v. Hitt,* 539 So. 2d 157, 159 (Ala. 1988) (holding that the district attorneys and their employees are 'state employees whose

The Supreme Court has recognized three limited exceptions to the rule barring § 1983 actions against[ a state or] state officials sued in their official capacity. The first exception is when a state has waived its Eleventh Amendment sovereign immunity and has consented to suit in federal court. *Atascadero State Hosp. v. Scanlon,* 473 U.S. 234, 238, 105 S.Ct. 3142, 87 L. Ed. 2d 171 (1985). This exception does not apply here, however, because the State of Alabama has not waived its immunity to suit in § 1983 cases. *See Alabama v. Pugh,* 438 U.S. 781, 782, 98 S. Ct. 3057, 57 L.Ed.2d 1114 (1978). The Alabama Constitution explicitly states that "the State of Alabama shall never be made a defendant in any court of law or equity." Ala. Const. Art. I, § 14.[10] The second exception is when Congress has properly abrogated sovereign immunity through its powers under the Fourteenth Amendment; however, such an abrogation has not occurred with respect to § 1983 claims. *Seminole Tribe of Fla. v. Florida,* 517 U.S. 44, 55–73, 116 S. Ct. 1114, 134 L. Ed. 2d 252 (1996); *Carr*[ *v. City of Florence, Ala.*], 916 F.2d [1521,] 1525[ (11th Cir. 1990)]. Lastly, under the doctrine of *Ex parte Young,* the Eleventh Amendment does not bar § 1983 actions against state officials which seek prospective injunctive relief to end continuing violations of federal law. *See Ex parte Young,* 209 U.S. 123, 155–56, 28 S. Ct. 441, 52 L. Ed. 714 (1908); *see also Seminole Tribe of Fla.,* 517 U.S. at 73 (quoting *Green v. Mansour,* 474

---

salaries are funded by the state') (citing Ala. Code § 12–7–182 (1975)); *McMillian v. Monroe County, Ala.,* 520 U.S. 781, 790, 117 S. Ct. 1734, 1739, 138 L. Ed. 2d 1 (1997) (citing *Hooks* and observing that an Alabama district attorney is a state official)."). However, District Attorney Jackson has not argued entitlement to Eleventh Amendment immunity, only common-law prosecutorial immunity.

[10] *See also Haley v. Barbour Cnty.*, 885 So. 2d 783, 788 (Ala. 2004):

Section 14, Ala. Const. 1901, provides "[t]hat the State of Alabama shall never be made a defendant in any court of law or equity." This section affords the State and its agencies an "absolute" immunity from suit in any court. *Ex parte Mobile County Dep't of Human Res.*, 815 So. 2d 527, 530 (Ala. 2001) (stating that Ala. Const. 1901, § 14, confers on the State of Alabama and its agencies absolute immunity from suit in any court); *Ex parte Tuscaloosa County*, 796 So. 2d 1100, 1103 (Ala. 2000) ("Under Ala. Const. of 1901, § 14, the State of Alabama has absolute immunity from lawsuits. This absolute immunity extends to arms or agencies of the state...."). Indeed, this Court has described § 14 as an "almost invincible" "wall" of immunity. *Alabama State Docks v. Saxon*, 631 So. 2d 943, 946 (Ala. 1994). This "wall of immunity" is "nearly impregnable," *Patterson v. Gladwin Corp.*, 835 So. 2d 137, 142 (Ala. 2002), and bars "almost every conceivable type of suit." *Hutchinson v. Board of Trustees of Univ. of Ala.*, 288 Ala. 20, 23, 256 So. 2d 281, 283 (1971).

U.S. 64, 68, 106 S.Ct. 423, 88 L.Ed.2d 371 (1985)); *Summit Med. Assoc. v. Pryor,* 180 F.3d 1326, 1336 (11th Cir. 1999). As noted in *Summit Medical,* "[b]ecause of the important interests of federalism and state sovereignty implicated by *Ex parte Young*... the doctrine is not without limitations." 180 F.3d at 1337. One limitation, which is relevant to this action, is that "the *Ex parte Young* doctrine applies only to ongoing and continuous violations of federal law." *Id.* (citing *Papasan v. Allain,* 478 U.S. 265, 277–78, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986))..."[A] plaintiff may not use the doctrine to adjudicate the legality of past conduct." *Id.*

*Jacoby v. Baldwin Cnty.*, Civil Action No. 12-0640-CG-N, 2014 WL 2641834, at *7 (S.D. Ala. June 13, 2014) (Granade, J., adopting the recommendation of Nelson, M.J.). *Accord Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1524-25 & n.2 (11th Cir. 1990).

Thus, the State of Alabama and its officials are immune from money damages in this action. Moreover, because Green's claims against the state and its officials clearly intend only to "adjudicate the legality of past conduct," he is not entitled to prospective injunctive relief against these defendants. As such, Green's claims against the State of Alabama, ADOC, and Judge Wiggins and Warden Price in their official capacities are due to be **DISMISSED** as barred by Eleventh Amendment immunity.

Alternatively, "[s]tates ... no longer need to rely exclusively on eleventh amendment immunity to avoid liability ... in section 1983 cases. In *Will v. Michigan Department of State Police*, 491 U.S. 58, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989), the Supreme Court held that states ... are not 'persons' subject to liability under 42 U.S.C. § 1983." *Carr*, 916 F.2d at 1525 n.3. Moreover, "[s]uing individuals in their official capacities is 'another way of pleading an action against an entity of

which an officer is an agent.' " *Edwards v. Wallace Cmty. Coll.*, 49 F.3d 1517, 1524 (11th Cir. 1995) (quoting *Kentucky v. Graham*, 473 U.S. at 165). As such, "[a] state, a state agency, and a state official sued in his official capacity are not 'persons' within the meaning of § 1983, thus damages are unavailable…" *Id.* (citing *Will*, 491 U.S. at 71). "Any possible claim under § 1985 is doomed for the same reason." *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005). While "a state official sued in his official capacity is a person for purposes of § 1983 when prospective relief, including injunctive relief, is sought[,]" *Edwards*, 49 F.3d at 1524 (citing *Will*, 491 U.S. at 71 n.10), Green's allegations do not establish that he is entitled to such relief, *see supra*. As such, Green's § 1983 claims against the State of Alabama, ADOC, and Judge Wiggins and Warden Price in their official capacities, are due to be **DISMISSED** because they are not "persons" subject to suit under §§ 1983 or 1985.

## VIII. <u>Conclusion</u>

In accordance with the above-stated reasoning, the undersigned Magistrate Judge **RECOMMENDS** that the Defendants' motions to dismiss (Docs. 17, 19, 29, 32) be **GRANTED** in their entirety, such that the claims against the City of Selma are **DISMISSED without prejudice** and that the claims against all other Defendants are **DISMISSED with prejudice**.

## IX. <u>Notice of Right to File Objections</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this

document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. ALA. L.R. 72.4.   In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 1st day of August 2014.

*/s/    Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**